ACCEPTED
06-15-00014-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/6/2015 4:47:26 PM
DEBBIE AUTREY
CLERK

## CAUSE NO. 06-15-00014-CV

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/6/2015 4:47:26 PM
DEBBIE AUTREY
Clerk

## IN THE COURT OF APPEALS
## FOR THE SIXTH DISTRICT OF TEXAS, TEXARKANA DIVISION

| | |
|---|---|
| **WILLIAM H. SCURLOCK** | § |
| | § |
| **v.** | § |
| | § |
| **JOHN M. HUBBARD** | § |

## APPELLANT'S RESPONSE TO
## APPELLEE'S MOTION TO DISMISS

## ON APPEAL FROM THE 102nd JUDICIAL DISTRICT COURT
## CAUSE NO. 14C1653-102

**Cory J. Floyd**
**Texas Bar No. 24049365**

**Cammy R. Kennedy**
**Texas Bar No. 24079245**

**NORTON & WOOD, L.L.P.**
**315 Main Street**
**Texarkana, Texas 75501**
**Phone: (903) 823-1321**
**FAX: (903) 823-1325**

**ATTORNEYS FOR APPELLANT,**
**WILLIAM H. SCURLOCK**

## APPELLANT'S RESPONSE TO APPELLEE'S MOTION TO DISMISS

Appellant asks the Court to deny appellee's motion to dismiss the appeal, and to take and consider this motion with the case because the motion to dismiss requires an inquiry into, and involves the merits of the appeal. [1]

## I.  INTRODUCTION

1.     Appellant is William H. Scurlock; Appellee is John Hubbard.

2.     On February 20, 2015 Appellant brought this appeal of the trial court's Order For Issuance of Temporary Injunction and Appointment of Receiver which was signed on February 3, 2015 taking effect immediately.  *See generally* [CR 67-73].

3.     Appellee is unable to obtain the bonds required by the trial court as a term of the temporary injunction, and Appellee now asserts that his inability to obtain these bonds shelters the trial court's order from review.

4.     Since February 3, 2015, receiver Randy Moore has managed Pecan Point Brewing Company, to the exclusion of Appellant, William H. Scurlock.  See Affidavit of William H. Scurlock (attached hereto as

---

[1] Appellee's Motion to Dismiss Fails to Comply with Texas Rule of Appellate Procedure 10.1(a)(5).

Exhibit "A"); and Email Dated Tuesday, February 3, 2015 from receiver Randy Moore to Counsel for Appellant (attached hereto as Exhibit "B")(Exhibits "A" and "B" are hereby incorporated by reference as if set out in its entirety).

## II.   ARGUMENT AND AUTHORITIES

5.   Although the Court has the authority under Texas Rule of Appellate Procedure 42.3(a) to dismiss an appeal for lack of jurisdiction, this is not a case in which the Court should do so.

**The Order For Issuance of Temporary Injunction and Appointment of Receiver is Appealable.**

6.   Section 51.014 of the Civil Practice and Remedies Code expressly authorizes an appeal from certain interlocutory orders of the trial court, including orders appointing a receiver and orders granting or refusing a temporary injunction. Tex. Civ. Prac. & Rem. Code §51.014(a)(1) (West 2011); Tex. Civ. Prac. & Rem. Code §51.014(a)(4) (West 2011).

7.   The Order For Issuance of Temporary Injunction and Appointment of Receiver clearly appointed a receiver and granted a temporary injunction. *See generally* [CR 67-73].

**The Appeal was Timely Perfected.**

8.     The Court should deny appellee's motion to dismiss this appeal for lack of jurisdiction because appellant timely perfected his appeal. Tex. R. App. P. 28.1 (stating appeals from interlocutory orders, when allowed by statute, are accelerated and are perfected by filing a notice of appeal "within the time allowed by Rule 26.1(b)." The time allowed by Rule 26.1(b) is twenty days after the order is signed. Tex. R. App. P. 26.1(b).

9.     On February 3, 2015, the trial court signed its Order For Issuance of Temporary Injunction and Appointment of Receiver. [CR 67-73].

10.    On February 20, 2015, seventeen days later and clearly within the twenty day time period prescribed by Texas Rule of Appellate Procedure 26.1, Scurlock filed his Notice of Appeal, therefore perfecting an appeal to this Court of the Order For Issuance of Temporary Injunction and Appointment of Receiver. [CR 80].

11.    On March 4, 2015, the Court of Appeals issued a letter notifying Scurlock that his appellate brief was due on or before March 24, 2015. On March 19, 2015 Scurlock filed his Appellants Brief, clearly prior to the Court's deadline. Brief of Appellant, William H. Scurlock v. John M. Hubbard, No. 14C-1653-102, *appeal docketed*, 06-15-00014-CV

(March 19, 2015). Because Appellant timely perfected his appeal, and timely filed his brief, the Court should deny the motion to dismiss.

**Appellant's Right to Appeal the Temporary Injunction Arises on the Date the Order is Signed.**

12. *In re Robinson Family Entities* explicitly provides that when the trial court's order restrains motion and enforces action, similar to the order in this case, the order functions as a temporary injunction, which grants the appeals court jurisdiction over the appeal. *In re Robinson Family Entities*, 11-12-00258-CV, 2014 WL 4347838, at *1 (Tex. App.—Eastland Aug. 29, 2014, no pet.)(not designated for publication).

13. It is well established that a party loses its right to complain about the validity of an injunction if appeal is not perfected within the proper time limits after the grant of the injunction. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(4) (Vernon Supp.1990); *Bayoud v. Bayoud*, 797 S.W.2d 304, 312 (Tex. App.—Dallas 1990), writ denied (Jan. 30, 1991).

14. The proper time to perfect an appeal for the grant of a temporary injunction is <u>twenty days from the date the order is signed</u>. Tex. R. App. P. 26.1(b) (*emphasis added*).

15. Appellee argues, in his motion to dismiss:

4

"Because the required bonds have not been paid, the temporary injunction that is the subject of Scurlock's interlocutory appeal has not been issued and is not effective." Appellee's Motion to Dismiss, at 4, William H. Scurlock v. John M. Hubbard, No. 14C-1653-102, *appeal docketed*, 06-15-00014-CV (March 19, 2015).

He continues:

"Because the temporary injunction that is the subject of Scurlock's interlocutory appeal is not in effect, Scurlock's interlocutory appeal regarding the temporary injunction is premature and must be dismissed for lack of jurisdiction of this Court." *Id*.

16. Appellee cites no authority, statutory or common law, in support of the proposition that Appellant's timeline for appeal of the grant of a temporary injunction, runs from the date of the clerk's issuance of the writ of injunction.

17. Appellant brought this appeal timely from the date of the signing of the order, in compliance with the Civil Practice and Remedies Code and the Texas Rules of Appellate Procedure, calculating all deadlines in

accordance with those rules, clearly vesting this Court with jurisdiction over this matter. For this reason, the motion to dismiss should be denied.

**Denying Review of the Temporary Injunction Would Deprive Appellant of any Procedural Mechanism to Appeal.**

18. Appellee argues that review of the temporary injunction is premature, until such time as he elects to, or is able to post the requisite bonds. *Id*. Appellee's argument, if it succeeds, allows him to shelve the order granting temporary injunction, and shield it from review until he elects to enforce it, all the while receiving the benefit of the same through the receivership which is in place and effectuating the purpose of the injunction.

19. If Appellant's deadline runs twenty days from the date the order is signed (Texas Rule of Appellate Procedure 26.1), but Appellant is not allowed to appeal the order, until such time as the Appellee attempts to enforce the order (Appellee's unsupported theory), Appellant is deprived of a procedural mechanism for review. Again, this proposition is unsupported by statute, rule or case law, and is contrary to Texas Rule of Appellate Procedure 26.1.

20. If there is no procedural mechanism for a party to be exonerated on appeal, and the collateral consequences of the lack of review are harsh, the court may decide an issue. *See Gen. Land Office of State of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990); *State v. Lodge*, 608 S.W.2d 910, 911 (Tex. 1980).

**Even Assuming the Appeal of the Temporary Injunction is Premature, the Receivership is Appealable.**

21. Hubbard's motion entirely avoids Scurlock's appeal of the receivership. Accordingly, his Motion to Dismiss must be interpreted to seek only the partial dismissal of portions of the order establishing the temporary injunction.

22. The trial court's order dated February 3, 2015, ordered Scurlock to "turn over management of Pecan Point Brewing Company to the Receiver as of February 3, 2015 at 3:00 p.m." [CR 69]. This is immediate and appealable error because, instead of conditioning this improper jaunt into receivership on the posting of the Applicant's bond, as required by Texas Rule of Civil Procedure 695a, the receivership was set to take effect at a certain time and place, specifically, February 3, 2015, at 3:00 p.m., regardless of whether any of the required bonds were

7

in place. Tex. R. Civ. P. 695a. This issue is explained in detail in Appellant's brief which is incorporated herein by reference, as if set out in its entirety.

23. Because the grant of the receivership was timely appealed, the Court should deny appellee's motion to dismiss this appeal for lack of jurisdiction.

**Appellee's Motion to Dismiss Concedes Issue Two of Appellant's Brief**

24. The trial court failed to require the necessary bonds for a receivership prior to entering its order establishing a receivership, and accordingly the Court should grant Appellant the relief sought under issue two of Appellant's appeal brief.

25. Appellee's motion to dismiss states that one bond was ordered for the receiver, and two were ordered pursuant to Texas Rule of Civil Procedure 684 (injunction bonds). Tex. R. Civ. P. 684.

26. In order for a receivership to be effective, there must be two bonds posted. First, the applicant must post a bond payable to the defendant, in an amount fixed by the court sufficient to cover all probable damages and costs, "conditioned for the payment of all damages and costs in such

suit, in case it should be decided that such receiver was wrongfully appointed to take charge of such property." Tex. R. Civ. P. 695a. Second, the receiver must post a bond approved by the appointing court, in an amount fixed by the court and conditioned on the faithful discharge of his duties as receiver. Tex. Civ. Prac. & Rem. Code Ann. §64.023 (Vernon 1985).

27. Because appellee concedes issue two of Appellant's Brief, the motion to dismiss should be denied, and the Court should contemplate Appellee's concessions in the motion to dismiss, as argument, authority and evidence in support of Appellant's appeal of the Order For Issuance of Temporary Injunction and Appointment of Receiver.

## III.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant asks this honorable Court to take this motion with the case because the motion to dismiss requires an inquiry into, and involves the merits of the appeal. Appellant further asks the Court to deny appellee's motion and continue with this appeal.  Appellant asks this Court to vacate the trial court's Order for Issuance of Temporary Injunction and Appointment of Receiver, reverse the trial court's judgment, render judgment denying

9

the application for receivership and the application for injunction, and award to Appellant, William Scurlock, all costs incurred with the filing of this appeal and Response to Appellee's Motion to Dismiss.

Respectfully submitted:

/s/ Cory J. Floyd
Cory J. Floyd
Texas Bar No. 24072348

Cammy R. Kennedy
Texas Bar No. 24079245

NORTON & WOOD, L.L.P.
315 Main Street
Texarkana, Texas  75501
Phone: (903) 823-1321
FAX: (903) 823-1325
Email: cory@nortonandwood.com
Email: cammy@nortonandwood.com

ATTORNEYS FOR APPELLANT,
WILLIAM H. SCURLOCK

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 6, 2015, a true and correct copy of the Appellant's Brief was forwarded to the counsel below:

Brent M. Langdon
Kyle B. Davis
Langdon & Davis
625 Sam Houston Drive, Suite A
New Boston, Texas 75570
Phone: (903) 628-5571
Fax: (903) 628-5868
Email: blangdon@ldatty.com
Email: kdavis@ldatty.com

# AFFIDAVIT OF WILLIAM H. SCURLOCK

STATE OF TEXAS            §
                          §
COUNTY OF BOWIE           §

BEFORE ME, the undersigned authority, on this day personally appeared William H. Scurlock, who under oath stated as follows:

1.      My name is William H. Scurlock.  I am over eighteen (18) years of age and am legally competent to make this Affidavit, which is true and correct, is based on my personal knowledge, and is made voluntarily and not under duress. The information contained herein is true and correct.

2.      On Tuesday, February 3, 2015 Randy Moore, acting as a court appointed receiver, assumed control of Pecan Point Brewing Company, Inc.

3.      My only access to, and rights in, Pecan Point Brewing Company, Inc. are based on his consent.

_William H. Scurlock_
**WILLIAM H. SCURLOCK**

EXHIBIT

A

Affidavit of William H. Scurlock
William H. Scurlock v. John M. Hubbard, No. 14C-1653-102,
*appeal docketed*, 06-15-00014-CV (March 19, 2015).                    Page 1

SWORN TO AND SUBSCRIBED BEFORE ME on this 6th day

of April, 2015, to certify which witness my hand and official seal.

_Shanna Lunsford_

Notary Public, State of Texas

My Commission Expires: 11·29·16

**Cory Floyd**

| | |
|---|---|
| **From:** | rmtexarkana@aol.com |
| **Sent:** | Tuesday, February 03, 2015 7:42 PM |
| **To:** | Cory Floyd |
| **Subject:** | Re: |

Mr. Floyd, Thanks for sending the signed order. On Monday, Feb 2, 2105, I met with Bill and Linda at PPB. I did a general walk thru. Today Tuesday Feb 3rd, I met with the Scurlock's, GM Jason Williams and Becky Williams during their "staff management meeting". I briefly met the exec chef Justin. I now have a better understanding of the operations at PPB.

I have completed my initial assessment of PPB. I have no immediate concerns. I will review the accounts payable and payroll process. I'm considering changes in the accounts payable and payroll process.

Linda Scurlock was very helpful. I will continue working with her. I've asked her to work Monday thru Friday 1 PM until 7 PM. She will perform the same general duties with my over site.

William Scurlock,( per the order) is restrained from PPB, without my consent or request for help.

Mr. Scurlock has good knowledge of the PPB physical plant. As repairs, modifications and improvements are needed, I've instructed Mr. Scurlock to notify me via text or telephone before completing these jobs. I will allow Mr. Scurlock to continue working with Jan Orr in brewing operations. This includes revisions currently in process and restarting the brewing process. I must be present during the time Mrs. Orr is doing her work.

I understand our need to notify TACB and the insurer of my appointment as receiver. I will prepare documents to be presented to Judge Carlow for his approval. I request we send the order signed by Judge Lockhart along with the approval from Judge Carlow in the same correspondence to TACB and the insurer. I hope you are agreeable.

I have applied for the $10K bond. Should have approval shortly.

Thanks again, Randy Moore


-----Original Message-----
From: Cory Floyd <cory@nortonandwood.com>
To: rmtexarkana <rmtexarkana@aol.com>
Cc: Candace Carathers <candace@nortonandwood.com>
Sent: Tue, Feb 3, 2015 5:11 pm

Mr. Moore,

The attached order was signed today.

Please confirm in writing, again, that you wish for Mr. Scurlock to continue as stated in your email dated Monday, February 2, 2015.

I'm forwarding the order to the insurer, as well as the TABC. I'll copy you on my correspondence, for your file, when I send it. If you wish to discuss my actions before I send these, please let me know.



g problems. Seizing opportunities.®

**Cory J. Floyd**
315 Main Street • Texarkana, Texas 75501-5604
Telephone: 903.823.1321 • Facsimile: 903.823.1325
Web: www.nortonandwood.com



EXHIBIT

B

1

**CONFIDENTIALITY NOTICE:** This e-mail is protected by the Electronic Communications Privacy Act and is legally privileged. The information contained in this e-mail and its attachments is intended for the addressee or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination or copying of this document is strictly prohibited. If you have received this communication in error, please immediately notify us by reply email or telephone (XXX-XXX-XXXX) and destroy the original message.